DAVID SOBO, APPELLANT, v. HARRY HAMMER ET AL.,
RESPONDENTS.

Submitted December 5, 1921—Decided March 6, 1922.

1. Under a contract which provided: "It is understood and agreed
   between the parties that if the defendants refuse to take title
   to the premises when a good, merchantable title is offered to
   them," &c., the burden of proof is upon the plaintiff to show a
   tender of a deed conveying such a title. In the absence of such
   proof by the plaintiff, a nonsuit is not error. *Bernstein* v. *Kolin*,
   114 *Atl. Rep.* 543, distinguished.

On appeal from the Essex County Circuit Court.

For the appellant, *Philip J. Schotland.*

For the respondents, *Adam J. Rossbach.*

The opinion of the court was delivered by

BLACK, J. A judgment of nonsuit was rendered by the
trial court in this case. This is the error assigned on appeal.
The suit was brought to recover the sum of $1,700, the bal-
ance alleged to be due under an agreement which purchased
a contract for the sale of property known as Nos. 236-238
North Nineteenth street, East Orange, New Jersey. The
allegation is that on the 16th day of April, 1920, the defend-
ants entered into an agreement with the plaintiff to purchase
from him his contract to buy the property from the owners
and to pay for the same the sum of $2,200. Five hundred
dollars was paid upon the execution and delivery of the agree-
ment. In this agreement there is this clause: "It is under-
stood and agreed between the parties hereto that should the
said parties of the second part [*i. e.,* the defendants], or their
assigns, refuse to take title to the premises herein mentioned,
when a good, merchantable title is offered to them [*i. e.,* the
defendants] by the parties with whom [*i. e.,* the owners] the
said David Sobo [*i. e.,* the plaintiff] entered into an agree-
ment for the purchase of the properties herein mentioned,

then the said parties of the second part are to be bound nevertheless to the party of the first part for the sum of $1,700." The trial court based its ruling upon the ground that the plaintiff had failed to make any proof that a good, merchantable title had been offered by the owners of the property, i. e., the vendors, in the original agreement to the defendants; no tender of any deed had been shown and the defendants were not in default. We think the ruling of the trial court was not error. The fundamental and meritorious question, therefore, is one of the burden of proof. It is argued, however, that because in the original agreement between the plaintiff and the owners, i. e., the vendors of the premises, it is provided the deed "shall be delivered and received at the office of Richard E. Kohn, Essex building, Newark, N. J., between the hours of ten in the forenoon and five o'clock in the afternoon on the said first day of June next ensuing the date hereof." The plaintiff was relieved from causing a deed to be executed and tendered conveying a good, merchantable title of the premises to the defendants.

It is further argued that the case of *Bernstein* v. *Kohn*, 96 *N. J. L.* 223, is applicable and controlling to the contrary, but in that case it was held a tender of performance by the vendee was not necessary, as there were concurrent covenants.

This makes a vital distinction between that case and the one under discussion, which renders it inapplicable to this case. The undisputed testimony is, no deed was ever tendered to the defendants, hence it was not error to nonsuit the plaintiff. The principle we have applied to the facts of the case is illustrated in *Hinds* v. *Henry*, 36 *N. J. L.* 328; *Fry* v. *Miles*, 71 *Id.* 293.

Finding no error in the record the judgment of the Essex Circuit Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 16.

*For reversal*—None.